# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM DECLUE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1371 HEA |
| ) | |
| MAYTAG CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on third-party plaintiff Maytag's Motion for Protective Order, [# 64], and third-party defendant Goedeker's Motion to Strike or in the Alternative to Reopen Discovery, [# 65]. For the reasons set forth below, Maytag's Motion is granted and Goedeker's Motion is denied.

Maytag seeks a protective order which would bar Goedeker from taking the deposition of James Schumacher, a non-retained expert. Goedeker seeks an order barring Schumacher from testifying at trial or an order reopening discovery in this matter so that it can depose Schumacher. Goedeker does not deny that Schumacher was identified as a fact witness by counsel for plaintiffs, however, Goedeker contends that Maytag failed to disclose Schumacher as a non-retained expert and

was not on notice that Maytag intended to call Schumacher as a witness at trial.

On December 15, 2004 counsel for Maytag sent answers to the interrogatories propounded by Goedeker and plaintiffs. In response to Goedeker's Interrogatory No. 3, regarding non-retained experts, Maytag "reserves the right to call as non-retained expert witnesses any. . .persons who are otherwise identified as having knowledge or potential knowledge of the matters at issue. . ." In its response to plaintiff's interrogatories, Maytag listed Jim Schumacher as a person with knowledge about this case, and specifically referenced his investigative report. In response to Goedeker's Request for Production, Maytag listed Schumacher as a person having issued a report and stated that a copy of his report was attached to the answers. Goedeker never notified Maytag that it did not receive the report, if in fact it had not.

Rule 26(a) requires disclosure of the identity of persons likely to have discoverable information relevant to disputed facts, a copy of all documents relevant to disputed facts in the party's possession or control and the identity of any person who may be used to present expert testimony. In addition, Rule 26(a)(2)(B) requires an expert report from any retained expert. *Brandt Distributing Co., Inc. v. Federal Ins. Co.,* 247 F.3d 822, 825 -826 (8th Cir. 2001). Under Rule 26, Maytag was required to identify Schumacher as someone

having knowledge of the events. Maytag did so. Further, Maytag specifically notified Goedeker that it reserved the right to call non-retained experts. Such actions are in compliance with the provisions of Rule 26.

Clearly Goedeker was aware of Schumacher's existence and of the existence of his report--the parties refer to this report in several different portions of the discovery--and Goedeker never informed Maytag that it did not receive the report pursuant to Maytag's statement in answer to the request to produce that the report was attached.

Maytag has complied with the Federal Rules of Civil Procedure with respect to disclosure of Schumacher. Goedeker is therefore not entitled to depose Schumacher at this stage of the litigation. Discovery is closed.

Accordingly,

**IT IS HEREBY ORDERED** that Maytag's Motion for Protective Order, [# 64], is granted. The subpoena issued to Schumacher is therefore quashed.

**IT IS FURTHER ORDERED** that Goedeker's Motion to Strike or in the Alternative to Reopen Discovery, [# 65], is denied.

Dated this 21st day of July, 2005.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE